Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No._____

MSC CRUISES (USA), INC., and
MSC CRUISES, S.A.

      Plaintiffs,

v.

COUPLES CRUISE, LLC and
ROBERT HANNAFORD

      Defendants,
_____/

## AFFIDAVIT IN SUPPORT OF COMPLAINT
## AGAINST COUPLES CRUISE, LLC AND ROBERT HANNAFORD

I, Oren Galasa, declare:

1.    I am over 18 years of age and I am the Director of Accounting & Human Resources of MSC CRUISES (USA), INC. (hereafter "MSC"). I have held this position at all times relevant hereto. As part of my job I am familiar with the account involving the Couples Cruise charter of MSC Divina.

2.    I have personal knowledge of the matters set forth herein and/or such knowledge based on the books and records of MSC maintained in the ordinary course of business.

1.    On or about July 10, 2014, MSC CRUISES (USA), INC., MSC CRUISES, S.A. (collectively "MSC ENTITIES"), entered into a Charter Party agreement ("Charter Party") with COUPLES CRUISE, LLC and ROBERT HANNAFORD (collectively "COUPLES") to charter the vessel *MSC Divina* for a voyage commencing on or about April 16, 2016.

2.    The Charter Party provided that COUPLES would pay MSC, in addition to other

sums, $294,168 for Service Charges ("Service Charge") and $247,380 for Onboard Revenue Target Fees. Pursuant to the Charter Party, the Onboard Revenue Target Fee is calculated at $210 per missing passenger below a target passenger occupancy of 3,502 passengers. Calculation is based on the difference between the number of guests contracted to cruise (3,502 guests) and the number of guests COUPLES embarked for the cruise (2,324 guests).

3.     Prior to the charter voyage, COUPLES breached the Charter Party by failing to fully pay MSC for the Service Charge and Onboard Revenue Target Fee.  In order to entice MSC to continue with the cruise and not terminate the Charter Party, COUPLES CRUISE, LLC and ROBERT HANNAFORD individually ("HANNAFORD") entered into a Second Addendum to Charter Party that included a Stipulation for Entry of Judgment in the event COUPLES and/or HANNAFORD failed to fully pay the Service Charge and Onboard Revenue Target Fee.  In reliance upon COUPLES and HANNAFORD's promises to pay and their Stipulation for Entry of Judgment, MSC performed the charter cruise as contracted in the Charter Party.

4.     Despite repeated demands and multiple promises to pay, COUPLES have failed to pay any of the Service Charge and Onboard Revenue Target Fee.

5.     At present, COUPLES and HANNAFORD owe MSC the $294,168 Service Charge and the $247,380 Onboard Revenue Target Fee for a grand total of $541,548. (*See* Invoices reflecting the outstanding Service Charge and Onboard Revenue Target Fee, attached hereto as Exhibit A and Second Addendum to Charter Party and attached Stipulation for Entry of Judgment attached hereto as Exhibit B.)[1]

6.     The Stipulation allows this Court to enter final judgment in favor of MSC for the

---

[1] COUPLES also owes MSC additional sums for unpaid charter hire fees, but those fees are not the subject of the Stipulation for Entry of Judgment and are therefore not part of this Action. MSC reserves its rights to collect all other sums owed by COUPLES in a separate action

total amount of $541,548 plus interest at the federal judgment rate to be calculated from March

3, 2016, plus legal fees and court costs.

    7.    To date, MSC has incurred legal fees in the amount of $6,527.10 in legal fees

relating to the COUPLES dispute and its attempts to collect the monies owed by COUPLES.

I declare, under penalty of perjury under the laws of the United States and the State of Florida,
that the foregoing is true.

Dated: 05-10-2017

                                Oren Gulaca
                                    OREN GALASA
                                Director of Accounting and Human Resources
                                MSC Cruises (USA), Inc.

STATE OF        )
                 ):
COUNTY OF    )

    BEFORE ME, the undersigned authority duly authorized by law to administer oaths and

to take acknowledgments, personally appeared OREN GALASA.

    SWORN TO AND SUBSCRIBED before me this 10 day of May, 2017.

                                      NOTARY PUBLIC

My Commission expires:

HANS HESSELBERG
MY COMMISSION # FF 097189
EXPIRES: June 28, 2018
Bonded Thru Budget Notary Services

3

Exhibit A

 **MSC**

Fattura Nr. **16-S1-01626**   del   **10/11/16**

Ns. Codice Cliente   **US160473**
P.IVA :

METODO DI PAGAMENTO

**SPETT.LE**

**Couples Cruise**
1025 Bienville Street
70112 New Orleans Louisianna
United States

CROCIERA
**MSC DIVINA 16/04/2016  Miami, United States**

| Descrizione | Quantità | Prezzo Unitario | Codice Iva | Importo |
|---|---|---|---|---|
| M/V DIVINA OF 16.04.2016<br>TO YOUR DEBIT FOR OBR TARGET<br>EXPIRED DATE 23.12.2016 | 1 | 247.380,00 | ART23AL2 | 247.380,00 |

Please wire transfer payment USD
to the account of:
BNP PARIBAS (SUISSE) SA, Place de
Hollande, 2 CH-1211 Geneve
Acc.Number:85122/1V MSC Cruises SA
IBAN: CH41 0868 6001 0851 2200 1
Swift code: BPPBCHGG - Clearing 8264

| Cod. IVA | Descrizione | Imponibile IVA | % IVA | Importo IVA |
|---|---|---|---|---|
| ART23AL2 | Art.23 al. 2 FVATL | 247.380,00 | 0,00 | 0,00 |

Pag. 1

| | | |
|---|---|---|
| **T O T A L E** | **USD** | **247.380,00** |
| **CONTROVALORE IN EURO** | | **219.230,77** |

**CAMBIO USATO PER LA REGISTRAZIONE USD   = 0,886211   EURO**

MSC Cruises SA - Avenue Eugène-Pittard 40 - 1206 GENEVA - Capitale Sociale: CHF 250000,00
P.IVA: CHE-112.808.357 TVA - Reg. Soc. Geneve n: CH-660-0459006-3
Tel: +41 227977000 - Fax: +41 227977991

 **MSC**

Invoice No. **15-S1-02596**    Dated   **30/10/15**

Sale Code          **US160473**
VAT REg. No.

PAYMENT METHOD

**MESSRS**

**Couples Cruise**
1025 Bienville Street
70112 New Orleans Louisianna
United States

CRUISE
**MSC DIVINA 16/04/2016  Miami, United States**

| Description | Quantity | Unit Price | VAT Identifier | Amount |
|---|---|---|---|---|
| CHARTER M/V DIVINA 16.04.2016 | | | | |
| SERVICE CHARGE | 1 | 294.168,00 | ART23AL2 | 294.168,00 |
| DAMAGE DEPOSIT | 1 | 20.000,00 | ART23AL2 | 20.000,00 |

Please wire transfer payment USD
to the account of:
BNP PARIBAS (SUISSE) SA, Place de
Hollande, 2 CH-1211 Geneve
Acc.Number:85122/1V MSC Cruises SA
IBAN: CH41 0868 6001 0851 2200 1
Swift code: BPPBCHGG - Clearing 8264

| VAT Code | Description | VAT Base Amount | VAT % | VAT Amount |
|---|---|---|---|---|
| ART23AL2 | Art.23 al. 2 FVATL | 314.168,00 | 0,00 | 0,00 |

Pag. 1

| | | |
|---|---|---|
| **T O T A L** | **USD** | **314.168,00** |
| | **AMOUNT ON EURO** | **287.436,41** |

**EXCHANGE RATE USED FOR ENTRY: 1   USD  = 0,914913  EURO**

MSC Cruises SA - Avenue Eugène-Pittard 40 - 1206 GENEVA - Capitale Sociale: CHF 250000,00
P.IVA: CHE-112.808.357 TVA - Reg. Soc. Geneve n: CH-660-0459006-3
Tel: +41 227977000 - Fax: +41 227977991

# Exhibit B

## SECOND ADDENDUM TO CHARTER PARTY
### ("April 11, 2016 Addendum")

This Addendum to Charter Party is entered into and shall be effective as of April 11, 2016.

Whereas there currently exists a Charter Party dated July 10, 2014 between COUPLES CRUISE, LLC (hereafter "COUPLES") and MSC CROCIERE, S.A. (n.k.a. MSC CRUISES, S.A.) (hereafter "MSC") for COUPLES CRUISE to charter the vessel MSC Divina for a voyage departing on or about April 16, 2016.   Under the terms of the Charter Party, COUPLES CRUISE agreed to pay MSC a charter hire fee of $3,150,000 (hereafter "Charter Hire Fee") plus a Damage Deposit of $20,000 (hereafter "Damage Deposit") and a Service Charge of $294,168 (hereafter "Service Charge").   Under the terms of the Charter Party the charter hire fee was due to be paid according to a schedule of payments with final payment in full due on or before January 31, 2016; the Security Deposit and Service Charge were due to be paid in full on or before March 3, 2016.

Whereas COUPLES CRUISE has currently paid approximately $3,150,000 of the $3,150,000 Charter Hire Fee.   MSC asserts, therefore, that COUPLES CRUISE is still in breach of the Charter Party as it presently is late in payment of the full $20,000 Damage Deposit and the full $294,168 Service Charge.

Whereas also pursuant to the Charter Party, following the completion of the cruise, Couples Cruise will owe MSC $210 per missing passenger below a target passenger occupancy of 3510 passengers (hereinafter "Target Occupancy").   This payment is hereinafter referred to as the "Occupancy Revenue Shortfall Payment".   At present it is estimated that Charter Party will be approximately 1,000 passengers below the Target Occupancy.



*COUPLES CRUISE CHARTER PARTY SECOND ADDENDUM DATED APRIL 11, 2016*

In consideration for MSC not immediately declaring COUPLES CRUISE in default and cancelling the charter, the parties hereby agree as follows:

1.    MSC shall operate the charter voyage as per the Charter Party notwithstanding Couples Cruise's failure to pay the Service Charge and Damage Deposit.

2.    All sums currently held by Maltzman & Partners in its trust account for payments made by Couples Cruise pursuant to the first Charter Addendum dated February 25, 2016, may immediately be released by Maltzman & Partners to MSC.    Couples Cruise forever releases Maltzman & Partners from any liability relating to release of the funds now held in the Trust Account to MSC.

3.    Payments by Couples Cruise toward the Damage Deposit or Service Charge shall first be applied to the Service Charge and then to the Damage Deposit.    All future payments by Couples Cruise to MSC shall be paid directly to MSC.

4.    Couples Cruise acknowledges that it owes to MSC the full amount of the Service Charge plus the Damage Deposit and shall sign a stipulated judgment for an amount not to exceed $314,168 (the total sum of the Service Charge and Damage Deposit) plus MSC's costs of enforcement (including attorneys fees and court costs) (hereinafter "Corporate Stipulated Judgment").    The Corporate Stipulated Judgment shall not

be filed with any court for at least 180 days following completion of the charter voyage, but may be filed and executed upon at any time thereafter at MSC's sole discretion.  The final amount of the Corporate Stipulated Judgment (up to the maximum stated above) shall be set by the court following submission on two (2) days notice of a sworn affidavit from MSC as to the amount then owing for the Service Charge and Security Deposit at the time of filing.   In addition, Robert Hannaford hereby personally and irrevocably guarantees payment to MSC of all sums owed by Couples Cruise for the Service Charge and Damage Deposit and shall sign an individual Stipulation of Judgment guaranteeing payment by Couples Cruise of the Service Charge and Damage Deposit (hereafter "Individual Stipulation of Judgment").  MSC agrees not to file or enforce the Individual Stipulation of Judgment unless Couples Cruise has not fully paid the Damage Deposit and Service Charge on or before April 16, 2017.   The Corporate Stipulated Judgment and Individual Stipulation of Judgment forms are attached hereto as Exhibit "A" and "B" respectively and shall be signed by Robert Hannaford and returned comtemporaneously with this Addendum.

5.    On or before April 23, 2016, MSC shall calculate the Occupancy Revenue Shortfall Payment based on the number of passengers who actually sailed on the subject charter voyage and shall notify Couples Cruise of the amount owed.  As an inducement and incentive for Couples Cruise to quickly fulfil its obligations to pay the Service Charge and Damage

*COUPLES CRUISE CHARTER PARTY SECOND ADDENDUM DATED APRIL 11, 2016*

Deposit, MSC shall offer Couples Cruise the following inducement to rapidly pay the Service Charge and Damage Deposit:

i. For any payment toward the Service Charge or Damage Deposit made by Couples Cruise to MSC after April 12, 2016 but before May 7, 2016, MSC shall reward Couples Cruise with a 30% credit of the paid amount toward the Occupancy Revenue Shortfall Payment.  Thus, by way of example only, if Couples Cruise paid $200,000 toward the Service Charge or Damage Deposit on April 20, 2016, Couples Cruise would receive a credit of $60,000 (30% of the $200,000 payment) which credit would be applied against amounts owed by Couples Cruise toward the Occupancy Revenue Shortfall Payment.

ii. For any payment toward the Service Charge or Damage Deposit made by Couples Cruise to MSC after May 7, 2016 but before July 30, 2016, MSC shall reward Couples Cruise with a 15% credit of the paid amount toward the Occupancy Revenue Shortfall Payment.  Thus, by way of example only, if Couples Cruise paid $200,000 toward the Service Charge or Damage Deposit on May 15, 2016, Couples Cruise would receive a credit of $30,000 (15% of the $200,000 payment) which credit would be applied against amounts owed by Couples Cruise toward the Occupancy Revenue Shortfall Payment.



*COUPLES CRUISE CHARTER PARTY SECOND ADDENDUM DATED APRIL 11, 2016*

iii. Nothing in this agreement waives any right Couples Cruise may have to claim any offset against the Occupancy Revenue Shortfall Payment (1) in the event MSC fails to fully perform the charter voyage in accordance with the terms of the Charter Party or (2) in the event Couples Cruise disputes the amounts unilaterially claimed by MSC in the Corporate Stipulated Judgment. In such event MSC waives any defense of claims preclusion, including res judicata, collateral estoppel or the entire controversy doctrine, that the amount has been admitted as being correct by virtue of being in the stipulated judgment.

iv. Couples Cruise shall pay the Service Charge and Damage Deposit no later than October 23, 2016 and shall pay the Occupancy Revenue Shortfall Payment no later than December 23, 2016.

6. Except as otherwise provided herein, nothing herein shall be constructed as a waiver of any obligation of COUPLES CRUISE or MSC under the Charter Party.

7. Except as expressly provided herein, all remaining terms and conditions of the Charter Party shall remain in full force and effect. Neither party waives any rights or obligations under the Charter Party.

*COUPLES CRUISE CHARTER PARTY SECOND ADDENDUM DATED APRIL 11, 2016*

8.     This April 11, 2016 Addendum may not be changed except in writing signed by an officer of both COUPLES CRUISE and MSC and shall be binding on, and shall inure to the benefit of, the respective heirs, successors and assigns of the Parties.

Accepted and Agreed to by COUPLES ~~CRUISE~~:

Date: 4-13        , 2016

By:   Robert Hannaford, Member

Accepted and Agreed to by MSC:

Date: 4-14-2016, 2016

By:   RICHARD E. SASSE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(may also be filed in any other court at Plaintiff's Option)

CASE NO: _____

MSC CRUISES S.A. and MSC CRUISES (USA) INC.,

     Plaintiffs,

v.

COUPLES CRUISE, LLC
     Defendant.
_____/

## STIPULATION FOR ENTRY OF FINAL JUDGMENT

Plaintiff and Defendant hereby **STIPULATE AND AGREE** as follows:

(1)    WHEREAS on or about July 10, 2014, Plaintiffs and Defendant entered into a Charter Party for Defendant to charter the vessel MSC Divina for a voyage commencing on or about April 16, 2016.   The Charter Party provided that Defendant would pay to Plaintiffs the total sum of $3,150,000 for Charter Hire, plus $294,168 in Service Charges, plus $20,000 as a Damage Deposit.  The Charter Hire was to be paid on or before January 15, 2016; the Service Fees were to be paid on or before March 3, 2016; and the Damage Deposit was to be paid on or before March 3, 2016.  Defendant failed to fully pay the Charter Hire, Service Charges and/or Damage Deposit prior to the January 15, 2016 and March 3, 2016 deadlines specified in the Charter Party.

(2)    WHEREAS on or about February 25, 2016, Plaintiffs and Defendant entered into a Charter Party Addendum which recognized that the Charter Hire, Services Charges and

Damage Deposit had not been paid by the deadlines specified in the Charter Party.   In the Charter Party Addendum, Defendant agreed to use it best efforts to fully pay the Charter Hire by March 21, 2016 and the Service Charges and Damage Deposit by April 1, 2016.   Defendant failed to fully pay the Charter Hire, Service Charges, or Damage Deposit by the March 21, 2016 and April 1, 2016 deadlines, although the Charter Hire fee was paid in full as of April 11, 2016.

(3)    WHEREAS Plaintiff MSC CRUISES, S.A. has the right to terminate the Charter Party based on the breach of payments by Defendant.

(4)    WHEREAS pursuant to the Second Addendum to Charter Party ("Second Addendum") dated as of April 11, 2016, Plaintiff MSC CRUISES, S.A. has agreed to perform the April 16, 2016 Charter voyage notwithstanding the failure of Defendant to fully pay the Services Charges and Damage Deposit.

(5)    WHEREAS, Defendant stipulates to submit to the jurisdiction of any court selected by Plaintiffs for the purpose of entry of Judgment pursuant to this stipulation and/or for the purpose of enforcement of Judgment.   Defendant waives any right to challenge or appeal jurisdiction, venue, or any Judgment or Final Judgment entered pursuant to this stipulation.

(6)    Final Judgment in favor of Plaintiffs and against Defendant shall be entered pursuant to this stipulation on two (2) days notice to Defendant upon the filing herewith of an Affidavit filed by Plaintiffs attesting to the remaining sums due for the Service Charges or Damage Deposit (hereafter collectively "Amount Due") at the time of the filing of said Affidavit.



Any judgment entered pursuant to this stipulation shall bear interest at the federal judgment rate, with interest to be calculated from March 3, 2016.

(7) Final Judgment entered pursuant to this stipulation shall be for:

(a) The Amount Due as set forth in the Affidavit of Plaintiff filed herewith;
(b) Interest on the Amount Due calculated from March 3, 2016
(c) Plaintiffs reasonable legal fees and court costs in connection with enforcing collection of the Amount Due as set forth in the Affidavit of Plaintiff filed herewith

(8) Upon entry, this Judgment will become final and execution may be levied on it immediately. *Judgment on this stipulation shall not, however, be entered before October 23, 2016.*

(9) All parties rights and reservations of rights as set forth in the Second Addendum are expressly preserved.

DATED this 9th day April, 2016

**STIPULATED AND AGREED:**

COUPLES CRUISE, LLC

By: _____
ROBERT HANNAFORD, PRESIDENT


MSC CRUISES, S.A.

By: _____
[signature]

_____
[Printed Name & Title]

MSC CRUISES (USA) INC.

By: _____
                    RICK SASSO, PRESIDENT


## <u>ORDER FOR FINAL JUDGMENT</u>

Good cause appearing, IT IS ORDERED that **FINAL JUDGMENT** be entered in favor

of Plaintiffs MSC CRUISES, S.A. and MSC CRUISES (USA) INC., and against COUPLES

CRUISE, LLC as follows:

- JUDGMENT in the amount of $ _____

- Interest from 3/3/16 through the date of entry of Judgment in the amount of $ _____

- Other terms: _____

                    Dated: _____

                    _____
                                   **Judge**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(may also be filed in any other court at Plaintiff's Option)

CASE NO: _____

MSC CRUISES S.A. and MSC CRUISES (USA) INC.,

     Plaintiffs,

v.

ROBERT HANNAFORD,
     Defendant.

## STIPULATION FOR ENTRY OF FINAL JUDGMENT

Plaintiff and Defendant hereby **STIPULATE AND AGREE** as follows:

    (1)    WHEREAS on or about July 10, 2014, Plaintiffs and COUPLES CRUISE LLC entered into a Charter Party for Defendant to charter the vessel MSC Divina for a voyage commencing on or about April 16, 2016.  The Charter Party provided that COUPLES CRUISE LLC would pay to Plaintiffs the total sum of $3,150,000 for Charter Hire, plus $294,168 in Service Charges, plus $20,000 as a Damage Deposit.  The Charter Hire was to be paid on or before January 15, 2016; the Service Fees were to be paid on or before March 3, 2016; and the Damage Deposit was to be paid on or before March 3, 2016.  Defendant failed to fully pay the Charter Hire, Service Charges and/or Damage Deposit prior to the January 15, 2016 and March 3, 2016 deadlines specified in the Charter Party.

    (2)    WHEREAS on or about February 25, 2016, Plaintiffs and COUPLES CRUISE LLC entered into a Charter Party Addendum which recognized that the Charter Hire, Services

Charges and Damage Deposit had not been paid by the deadlines specified in the Charter Party. In the Charter Party Addendum, COUPLES CRUISE LLC agreed to use it best efforts to fully pay the Charter Hire by March 21, 2016 and the Service Charges and Damage Deposit by April 1, 2016, Although the Charter Hire fee was paid in full as of April 11, 2016, *as of the date of* this Addendum Stipulation, COUPLES CRUISE LLC has failed to pay the Service Charges and/or Damage Deposit.

(3)     WHEREAS Plaintiff MSC CRUISES, S.A. had the right to terminate the Charter Party based on the breach of payments by Defendant.

(4)     WHEREAS pursuant to a Second Addendum to Charter Party ("Second Addendum") dated as of April 11, 2016, Plaintiff MSC CRUISES, S.A. agreed to perform the April 16, 2016 Charter voyage notwithstanding the failure of COUPLES CRUISE LLC to fully pay the Services Charges and/or Damage Deposit.  In consideration for MSC CRUISES, S.A. performing the charter Defendant ROBERT HANNAFORD agreed to personally guarantee the obligations of COUPLES CRUISE, LLC to MSC CRUISES, S.A. and/or MSC CRUISES (USA) INC. in the event COUPLES CRUISE, LLC failed to pay all money owing for the subject charter on or before April 16, 2017.

(5)     WHEREAS, Defendant stipulates to submit to the jurisdiction of any court selected by Plaintiffs for the purpose of entry of Judgment pursuant to this stipulation and/or for the purpose of enforcement of Judgment.  Defendant waives any right to challenge or appeal jurisdiction, venue, or any Judgment or Final Judgment entered pursuant to this stipulation.

(6)     Final Judgment in favor of Plaintiffs and against Defendant shall be entered on or after April 16, 2017 pursuant to this stipulation and on two (2) days notice to Defendant upon the filing herewith of an Affidavit filed by Plaintiffs attesting to the remaining sums due for the Charges, Late Service Charges or Damage Deposit (hereafter collectively "Amount Due") at the time of the filing of said Affidavit.   Any judgment entered pursuant to this stipulation shall bear interest at the federal judgment rate with interest to be calculated from March 3, 2016.

(7)     Final Judgment entered pursuant to this stipulation shall be for:

    (a)     The Amount Due as set forth in the Affidavit of Plaintiff filed herewith;

    (b)     Interest on the Amount Due calculated from March 3, 2016

    (c)     Plaintiffs reasonable legal fees and court costs in connection with enforcing the Amount Due as set forth in the Affidavit of Plaintiff filed herewith

(8)     Upon entry, this Judgment will become final and execution may be levied on it immediately.   Judgment on this stipulation shall not, however, be entered before April 16, 2017.

(9)     All parties rights and reservations of rights as set forth in the Second Addendum are expressly preserved.

DATED this 9th day April, 2016

**STIPULATED AND AGREED:**

ROBERT HANNAFORD, an individual

_____
[signature]

MSC CRUISES, S.A.

By: _____

[signature]

_____

Atty / s SACG

[Printed Name]

MSC CRUISES (USA) INC.

By: _____

RICK SASSO, PRESIDENT

## ORDER FOR FINAL JUDGMENT

Good cause appearing, IT IS ORDERED that **FINAL JUDGMENT** be entered in favor of Plaintiffs MSC CRUISES, S.A. and MSC CRUISES (USA) INC., and against ROBERT HANNAFORD as follows:

- JUDGMENT in the amount of $ _____

- Interest from 3/3/16 through the date of entry of Judgment in the amount of $ _____

- Other terms: _____

Dated: _____

_____

Judge